UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LESLIE C. WOODARD,<br><br>             Plaintiff,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>             Defendant. | Case No. 1:20-cv-00154-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Leslie C. Woodard was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Plaintiff will be required to amend his Complaint.

## REVIEW OF COMPLAINTS

### 1. Factual Allegations

Plaintiff alleges that Dr. Eliason, a prison doctor, discontinued his sleeping pill, "Rimron," likely *Remeron* (mirtazapine). Now Plaintiff cannot sleep at night. He asserts that he suffers from insomnia and extreme stress without the medication.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

## 2. Standard of Law

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard.

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

The Eighth Amendment to the United States Constitution protects prisoners who are convicted felons against cruel and unusual punishment. To state a claim under the Eighth Amendment, Plaintiff must state facts showing that he is "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions—which is analyzed under an objective standard. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). Plaintiff must also allege facts showing that Defendants were deliberately indifferent to his needs—analyzed under a subjective standard.

As to the objective standard, the Supreme Court has explained that, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

The United States Court of Appeals for the Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

> infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

As to the subjective factor, to violate the Eighth Amendment, a prison official must act in a manner that amounts to deliberate indifference, which is "more than ordinary lack of due care for the prisoner's interests or safety," but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. Stated another way, deliberate indifference exists when an "official knows of and [recklessly] disregards an excessive risk to inmate health or safety," which means that an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838.

Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Medical negligence or malpractice alone will not support a claim for relief under the Eighth Amendment. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). Rather, a constitutional tort requires the plaintiff show subjective deliberate indifference by bringing forward facts demonstrating that the defendant acted deliberately, intentionally,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

or so recklessly that the conduct can be equated with a desire to inflict harm. *See Farmer*, 511 U.S. 835-38. Likewise, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

### 3. Discussion

#### A. *Claims against State of Idaho*

The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, unless that state waives its sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Therefore, Plaintiff cannot sue the state of Idaho in a civil rights action in federal court. Instead, Plaintiff can sue those prison officials responsible for the alleged civil rights violations.

#### B. *Amendment*

Beyond naming a correct defendant or defendants, Plaintiff has failed to state plausible facts showing that Dr. Eliason has acted with deliberate indifference in discontinuing Plaintiff's sleeping pill prescription. Plaintiff will need to give a short history of his sleeping problem and state facts showing it is a serious medical need to

show that Dr. Eliason's decision amounts to cruel and unusual punishment and meets the objective standard.

Plaintiff must also state facts showing his claim meets the subjective standard—that Dr. Eliason discontinued Plaintiff's sleeping pill prescription, not for a good reason based on reasonable professional judgment, but that Dr. Eliason knew of and ignored Plaintiff's serious medical need. Plaintiff's allegations must be more than he simply disagrees with Dr. Eliason's decision.

### 4. Conclusion

Plaintiff will be required to file an amended complaint because the original Complaint does not contain sufficient information to state a plausible claim upon which relief can be granted. The Court will permit Plaintiff to review his medical records to better assess whether he can state a claim.

Plaintiff should also review his grievances and include information in his amended complaint about when he has made oral and written requests for treatment and complaints about the lack of medication, who reviewed his complaints, what the responses to the complaints were, and how the responses and treatment provided were inadequate to remedy problems. In simplified terms, Plaintiff must state the "who, what, when, where, why, and how" of each allegedly wrongful act committed. Importantly, he must state facts from which a juror could reasonably infer that his medical treatment is objectively constitutionally inadequate and that the defendant acted deliberately, intentionally, or so recklessly that the conduct is nearly the equivalent of a desire to inflict harm.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

# ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **60 days** after entry of this Order. He may instead desire to attempt to settle his issues with Defendants, or decide he does not have adequate facts to support his claims, and file a notice of voluntary dismissal

2. This Order authorizes Plaintiff to review his medical records by making an appointment with Corizon medical officials to do so. Corizon and Idaho Department of Correction officials are ordered to provide Plaintiff with reasonable access to review his medical records and allow him to take notes during his review. Plaintiff must comply with all Corizon and IDOC rules for the review of medical records.

3. Plaintiff's request for appointment of counsel (contained in the Complaint) will be DENIED without prejudice, but will be reconsidered by the Court if he states an actionable claim in the amended complaint and if he meets the standards for appointment of counsel.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

DATED: June 18, 2020

_____
B. Lynn Winmill
U.S. District Court Judge